SUMMARY ORDER
Plaintiff-appellant Kim Carl (“plaintiff’ or “Carl”) appeals from a January 14, 2009 judgment of the District Court, which granted the motion of defendants The City of Yonkers (“the City”) and The City of Yonkers Police Department (“the Department”) for summary judgment, and the motion of seven individual officer-defendants (“the officer defendants”) to dismiss for lack of timely service. Plaintiff filed the underlying action in September 2004, asserting claims against the City, the Department, and the officer defendants for false arrest, the use of excessive force, and retaliation for filing an earlier lawsuit, which arose from plaintiffs arrest on September 6, 2001. We assume the parties’ familiarity with the remaining factual and procedural history of the case.
On appeal, plaintiff primarily argues the following points: (1) that the docket entry for a reply affidavit filed on behalf of the City and the Department misled his counsel into thinking that the officer defendants had made an appearance in the case; (2) that the “court rules” required that he be notified that he had failed to properly serve the officer defendants; and (3) that the District Court erred in not allowing him an extension of time for proper service of his complaint.[1] We consider each argument in turn.
With respect to plaintiffs first argument, we note that he did not raise this argument before the District Court. Accordingly, we do not consider it here. See, *601 e.g., Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994) (stating that there is a “well-established general rule that an appellate court will not consider an issue raised for the first time on appeal”).
Turning to plaintiffs second argument, we can find no rules that would apply in this case that require that a plaintiff be notified of failure to properly serve defendants. As the District Court stated, “[njothing in the Federal Rules of Civil Procedure ... requires that an order be entered to remind a plaintiff or his attorney that particular defendants have not been served or have not responded to the complaint.” Carl v. City of Yonkers, No. 04-cv-7031, 2008 WL 5272722, at *7 n. 9 (S.D.N.Y. Dec.18, 2008). Accordingly, we find this argument to be without merit.
Finally, we address what appears to be plaintiffs main argument — that the District Court erred in not allowing him an extension of time to properly serve his complaint. Here, we note, as the District Court did, that “the docket for the ease does not reflect the filing of proof of service on any of the individual defendants. Plaintiff provide[d] no affidavit or other evidence that any defendant was properly served.” Id. at *4. Furthermore, as the District Court noted, plaintiff does not “tender any reason for the failure to serve these defendants that could remotely serve as ‘good cause’ for the failure to serve them for nearly three years after the complaint ivas filed,” and plaintiff did not even ask the District Court for an extension of time to serve the defendants. Id. at *5 (emphasis added). Accordingly, we conclude that the District Court properly granted the motion of the individual officer defendants for dismissal for lack of timely service.

CONCLUSION

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

. Plaintiff also purports to argue that the District Court did not “properly consider[] the question of jurisdiction in the proceedings." Appellant's Br. 2. However, plaintiff's elaboration of his argument appears to be a recitation of his other arguments. See id. at 7. Accordingly, we do not address this argument separately.